UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TINOLLA BROWN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PALMCO ENERGY IL LLC**, an Illinois registered company,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Tinolla Brown ("Plaintiff Brown" or "Brown") brings this Class Action Complaint and Demand for Jury Trial against Defendant PALMco Energy IL LLC doing business as Indra Energy IL ("Defendant" or "Indra Energy") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Brown, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Brown is a resident of Chicago, Illinois.

2. Defendant Indra Energy is an Illinois company headquartered in Brooklyn, New York. Defendant Indra Energy conducts business throughout this District and throughout parts of the US, including Illinois.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters located in this state.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's

2

representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 5.0 billion robocalls were placed in March 2023 alone, at a rate of 161.1 million per day. www.robocallindex.com (last visited April 19, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. PALMco Energy created and registered an assumed business name Indra Energy. This assumed name registration was filed with the Illinois Secretary of State.

15. Indra Energy offers renewable electricity and gas energy options to consumers and businesses.[3]

16. Indra Energy places solicitation calls to consumers to sell its energy options.

17. Defendant Indra Energy has a history of telemarketing violations.

18. In June of 2022, Indra Energy reached a settlement with the Commonwealth of Pennsylvania where they were alleged to have made 355,244 calls to consumer on the Do Not Call list in Pennsylvania. As part of that agreement,

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/indra-energy/about/

4

Defendant agreed not to initiate solicitation calls to individuals who registered on the Do Not Call list and not to initiate calls to individuals that previously stated they do not wish to receive call made by Indra Energy.

19. Furthermore, there have been multiple other private cause of action brought against Indra Energy for the same violations of the Telephone Consumer Protection Act.



20. Defendant Indra Energy is fully aware that telemarketing calls are being placed by its employees and third-party agents, on its behalf to consumers who registered their phone numbers on the DNC. Despite this fact, Indra Energy continues to place unsolicited calls to consumers, such as Plaintiff Brown.

---

[4] https://pcl.uscourts.gov/ - search conducted April 18, 2023

21. To make matters worse, Defendant Indra Energy continues to place calls to consumers even after being told to stop calling, as per Plaintiff's experience.

22. Telemarketing report websites show a disturbing number of complaints from consumers complaining about calls from the Defendant. Even the Better Business Bureau page for PALMco Energy shows a number of telemarketing complaints that were addressed directly to the Defendant, including receiving calls from the Defendant after the consumer warned them to stop.

- "This Indra energy is scam and commits fraud. They called me on the phone. The girl was very rude. I told them i was not interested and said NO multiple times. The girl [disconnected] the phone call…"[5]

- "Called every day, multiple times a day once for at least four days straight before the calls stopped only to pick up again once a day for a few days. ***They keep saying after I waste their time for a bit that they will remove my name and it will take 72 hours***. Sounds like I am speaking to some fly by night call center in a third world country. Its fine though, every time they call I will string them along until they get the hint. Cant make money if we answer the calls and waste their employees time."[6] (emphasis added)

- "October 31, 2022 at 11:54 am Indra Energy has called me every other day for the last month or two. I do not know how they have come to have my phone number. I am tired of blocking all of the lines that they have for this business. Please do something about this. It is annoying and they are consistent with calling at all hours of the day."[7]

- "This company calls me many times a day. I have no idea who they are and I definitely do not want their service.Stop calling me."[8]

---

[5] https://www.bbb.org/us/ny/brooklyn/profile/energy-service-company/palmco-0121-120936/customer-reviews
[6] https://www.bbb.org/us/ny/brooklyn/profile/energy-service-company/palmco-0121-120936/complaints?page=2
[7] *Id.*
[8] *Id.*

6

- "***I have asked this company multiple times to stop calling me.***"[9] (emphasis added)

- "indra energy call me hundred time they say we giving better price (low) after they enrol…"[10]

- "I continue to get calls from inda energy. ***I continue to tell them I am not interested in their services.*** They continue to call and try to force me into using their energy. These people are very annoying and disrespectful"[11] (emphasis added)

- "I began getting calls from ***** ****** on June 23rd. I get anywhere from 2-4 calls every single day without fail. I have blocked over 15 different phone numbers that come up as ***** ****** on my spam filter. I have never agreed to receive information from this company so ***I am not sure how they received my information and I am confident my number is on the National DNC.*** I have answered many of the calls in hopes that someone will be on the line and I can ask to be removed from whatever list I was placed on but the line is always silent and then hangs up. I am not interested in their services."[12] (emphasis added)

- "***My number is listed on the Do Not Call registry yet I continue to receive multiple calls a week and multiple calls a day*** from ***** ******."[13] (emphasis added)

23. In response to these calls, Plaintiff Brown brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF BROWN'S ALLEGATIONS

24. Plaintiff Brown registered her cell phone number on the DNC on May 18, 2021.

---

[9] *Id.*
[10] *Id.*
[11] https://www.bbb.org/us/ny/brooklyn/profile/energy-service-company/palmco-0121-120936/complaints?page=5
[12] *Id.*
[13] *Id.*

25. Plaintiff Brown uses her cell phone number for personal use only as one would use a land line telephone number in a home.

26. The calls that Plaintiff Brown received from Defendant Indra Energy were all received more than 31 days after Plaintiff registered her cell phone number on the DNC.

27. On February 20, 2023 at 9:36 AM, Plaintiff Brown received an unsolicited call from Defendant Indra Energy to her cell phone, from 708-360-7041. Plaintiff answered the call but there was silence until the call automatically disconnected.

28. On February 24, 2023 at 10:22 AM, Plaintiff Brown received a 2nd unsolicited call from Defendant Indra Energy to her cell phone, from 708-360-7041. Plaintiff answered the call but there was silence until the call automatically disconnected.

29. Frustrated by the 2 unsolicited calls, Plaintiff Brown called 708-360-7041 on February 25, 2023 at 3:40 PM. She spoke to an employee who identified the company as Indra Energy and indicated that the purpose of Defendant calling Plaintiff was to solicit Plaintiff to switch her energy service provider to Indra Energy. Plaintiff refused and told the agent that she wants Indra Energy to stop calling her.

30. Despite her clear stop request, Plaintiff Brown received another unsolicited call on March 7, 2023 at 3:42 PM from Defendant Indra Energy, from

708-360-7041. Plaintiff answered the call but there was silence until the call automatically disconnected.

31. On March 8, 2023 at 12:58 PM, Plaintiff Brown received a 4th unsolicited call from Defendant Indra Energy to her cell phone, from 708-360-7041. Plaintiff answered the call but there was silence until the call automatically disconnected.

32. On March 23, 2023 at 3:26 PM, Plaintiff Brown received a 5th unsolicited call from Defendant Indra Energy to her cell phone, from 708-360-7041. Plaintiff answered the call but there was silence until the call automatically disconnected.

33. Plaintiff called 708-360-7041 right back on March 23, 2023 at 3:27 PM. She spoke to an employee who solicited cheaper energy rates, asking Plaintiff to switch her energy service provider to Indra Energy. Plaintiff told the employee that she wasn't interested and asked again for the calls to stop.

34. Plaintiff Brown has never done business with Indra Energy.

35. Plaintiff Brown was not looking to get a quote or change her electricity supplier.

36. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant Indra Energy have harmed Plaintiff Brown in the

form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

37. The calls also caused undue distress as Plaintiff was unable to get the calls to stop by asking Indra Energy to stop calling her cell phone number.

38. Seeking redress for these injuries, Plaintiff Brown, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

39. Plaintiff Brown brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Indra Energy called on more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.
>
> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Indra Energy called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that they stop calling.

40. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current

10

or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Brown anticipates the need to amend the Class definition following appropriate discovery.

41. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

43. **Adequate Representation**: Plaintiff Brown will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Brown has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Brown and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Brown nor her counsel have any interest adverse to the Classes.

44. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Brown.

Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
Telephone Consumer Protection Act
(Violation of 47 U.S.C. § 227)
(On Behalf of Plaintiff Brown and the Do Not Registry Class)

45. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they

13

object. 47 U.S.C. § 227(c).

48. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Brown and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

49. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Brown and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

50. As a result of Defendant's conduct as alleged herein, Plaintiff Brown and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

# SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Brown and the Internal Do Not Call Class)

52. Plaintiff repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference herein.

53. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf

the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

54. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

55. The TCPA provides that any "person who has received more than one

telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

56. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Brown requests a jury trial.

**TINOLLA BROWN**, individually and on behalf of all others similarly situated,

DATED this 4th day of May, 2023.

By: /s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
Coleman PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*